**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| VICTOR J. KIRIN JR.,<br><br>Plaintiff,<br><br>v.<br><br>COY BRO'S INC., ARLEN COY, OWNER OF COY BRO'S TRUCKING; ROBIN COY-CRAWFORD, BILLING, ACCOUNTING; LORI COY-SHARP, BILLING, ACCOUNTING; MELONY COY-MCCORMICK, BILLING, ACCOUNTING, SAFETY; JEFFERY SHARP, DISPATCHER, BROKER; STARLA SHARP-SMIDT, ACCOUNTING, BOOKKEEPING; AND COY TRUCK BROKERAGE, LLC,<br><br>Defendants, | CASE NO. 4:23-CV-02186-CEH<br><br>MAGISTRATE JUDGE<br>CARMEN E. HENDERSON<br><br>**MEMORANDUM OPINION & ORDER** |

On August 11, 2026, Plaintiff Victor Kirin, Jr. ("Plaintiff" or "Kirin") filed two motions: a Third Motion for disqualification of Judge Pearson and Magistrate Judge Henderson (ECF Doc. 101), and a Motion for sanctions against Attorneys David Engler, Kevin Daley, Paul B. Ricard and Michael P. Marando (ECF Doc. 102). For the reasons set forth below, both Motions are DENIED.

Plaintiff's Third Motion for disqualification of Judge Pearson and Magistrate Judge Henderson asserts that the Judges have showed partiality by sending his copies of all docket entries by mail, and by failing to accommodate his disability, which impacts his vocal communication. (ECF Doc. 101, p. 3, 5-6).

At the outset, the Court notes that the parties consented to the jurisdiction of the United States Magistrate Judge Henderson pursuant to 28 USC 636(c) on October 28, 2024 (ECF Doc. 57), and Judge Pearson has not been presiding over this case since that date. Thus, Plaintiff's Motion to disqualify her is moot.

The standard for judicial recusal on the grounds of impartiality is whether that judge's impartiality might reasonably be questioned is objective one; hence, a judge need not recuse himself based on party's subjective view, no matter how strongly that view is held. *Garrett v. Ohio State Univ.,* 60 F.4th 359, 369 (6th Cir. 2023), citing 28 U.S.C.A. § 455(a). Therefore, as the Sixth Circuit has explained, "the question is whether, given the facts, an objective 'reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.'" *Id*., citing *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)); *see also Ragozzine v. Youngstown State Univ.*, 783 F.3d 1077, 1079 (6th Cir. 2015) ("[A] judge [must] recuse 'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990))). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citation omitted).

The first issue raised by Plaintiff, the fact that his notices and copies of docket entries are served by mail, is an issue within his own control rather than this Court's. The other litigants receive filings more quickly because they are sent via email through the Case Management/Electronic Case Files ("ECF") system. If Plaintiff wishes to receive the same type of electronic notification of filings that the Defendants do, he needs to review the "Pro Se Information" portion of the Northern District of Ohio Court website, which includes instructions

and an application for a Read Only CM/ECF Account.[1] This is not advice to the Plaintiff, but rather information which was already available to him if he used the resources of the Court's website. A Read Only CM/ECF account does not require judicial approval, and thus is not a matter to properly addressed by this Court.

With regard to his second complaint, Plaintiff's communication difficulties are in large part the result of his failure to fully access the instructions and resources which are already available to him. Plaintiff's acknowledged difficulties with verbal communication do not excuse his failure to read and comply with written rules and utilize Court resources. The Court notes that the hearing which Plaintiff asserts he did not receive timely notification of related to a Motion to Compel he filed about a discovery dispute (ECF Doc. 94). This Motion failed to comply with Local Rule 37.1 and the Case Management Order (ECF Doc. 11). These require parties to provide notice to the Court and a joint submission addressing the issues to allow the Court an opportunity to resolve disputes before any motion to compel may be filed. Plaintiff did not provide notice to the Court, and there was no indication in Plaintiff's filing that he had communicated with opposing counsel regarding the issues in this Motion. It is neither a showing of partiality nor a violation of due process to require all litigants to follow these rules.

Further, Plaintiff acknowledges that the Clerk's office suggested he raise issues with access to the judicial process by writing to the Judge. (ECF Doc. 101, pp. 6, 10). Plaintiff believes that this was impermissible legal advice urging him to engage in ex parte communication. (*Id.*) However, this was not legal advice, but rather practical advice to address his communication challenge. The simple expedient of emailing chambers and copying opposing

---

[1] *Available at* https://www.ohnd.uscourts.gov/sites/ohnd/files/Application%20-%20Pro%20Se%20Efile%20or%20Read%20Only.pdf

counsel would avoid any ex parte communication, and allow Plaintiff to clarify meeting times and request appropriate accommodations for his disability in a timely manner.

Finally, Plaintiff asserts that the Court treated him unfairly by failing to intervene in his relationship with his own counsel, which, again, is not the purview of this Court. (ECF Doc. 101, p. 4). He asserts that he has not received records from this Court proceeding, and is unsure whether either of his former attorneys remain on the record. (*Id*.) The record shows that both counsel have withdrawn, and Plaintiff was notified by the Court via postal mail in both cases. (ECF Docs. 63, 66, 89, 92, 93). Plaintiff's former counsel additionally informed him via email and postal mail. (ECF Doc. 89, p. 2). Further, Plaintiff provided this Court with a copy of the letter sent by his attorney and a signed receipt indicating he received all of the original documents relating to this case from his former attorney at the time that representation ended. (ECF Docs. 92-2, 92-3).

While the Court believes that Plaintiff's subjective view that he has been treated unfairly is strongly held, this conviction by itself is insufficient to require recusal. *Garrett,* 60 F.4th 359, at 369. After reviewing the facts supporting Plaintiff's grievances, the Court concludes that no reasonable, objective person, knowing all of the circumstances, would question the judge's impartiality, and therefore the Motion for Recusal is denied.

Plaintiff's Motion for Sanctions (ECF Doc. 102) alleges improper behavior by both his own prior counsel and opposing counsel, including deposition misconduct and criminal collusion. Parts of this Motion are duplicative of his Objection to Kevin P. Daley's Motion to Withdraw as Counsel (ECF Doc. 92), which were already addressed by the Court. (ECF Doc. 93).

To the extent that the Motion relates to allegations of deposition misconduct, Plaintiff is again advised to refer to the Local Rules and Case Management Order for the proper way to raise discovery issues. To the extent that Plaintiff is accusing the attorneys in this case of violating the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968, those are allegations which are not properly before this Court in this case.

Because these allegations are either duplicative of those already addressed by this Court, relate to discovery conflicts that Plaintiff has not tried to resolve through the framework set forth by the Local Civil Rules and Case Management Order, or involve allegations of criminal conduct that cannot be brought in the action before this Court, this motion is DENIED.

For all the reasons set forth above, Plaintiff's Motion for Disqualification and Motion for Sanctions are DENIED.

**IT IS SO ORDERED.**

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

Dated: August 19, 2026