**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICTOR J. KIRIN JR., | ) | CASE NO. 4:23-CV-02186-CEH |
| | ) | |
| Plaintiff, | ) | JUDGE CARMEN E. HENDERSON |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| COY BRO'S INC., et al. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendants, | ) | |

Plaintiff Victor J. Kirin, Jr. commenced this action on November 9, 2023, by filing a pro se complaint alleging violations of the Truth in Leasing Act Regulations under the Federal Motor Carrier Act by Defendants Coy Bro's Inc. and Coy Truck Brokerage as well as Individual Defendants Arlen Coy; Robin Coy-Crawford; Lori Coy-Sharp; Meloney Coy-McCormick; Jeffery Sharp; and Starla Sharp-Smidt. (ECF No. 1). Plaintiff also seems to allege that Defendant Coy Bro's terminated his lease agreement for requesting documents he was entitled to under the Truth in Leasing Act. (*Id.*).

On September 15, 2026, after the parties completed discovery, Defendants filed a motion for partial summary judgment, asking that the Court grant summary judgment to the Individual Defendants. (ECF No. 105). Defendants assert that Plaintiff "does not allege individual conduct on behalf of Individual Defendants outside the scope of Plaintiff's lease with Defendant Coy Bros" and argues summary judgment in favor of the Individual Defendants is warranted because "there is no evidence on the record to suggest that Plaintiff had a lease with any Defendant other than Coy Bros Inc." (*Id.* at 2-3). Plaintiff failed to file a response and the deadline to do so has expired.

## I. Legal Standard

> A party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A court "must view the evidence and draw all reasonable inferences in favor of the non-moving party." *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016). "The inquiry is whether a reasonable jury could return a verdict for the nonmoving party or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 624-25.

**II. Discussion**

In this action, Plaintiff seeks to hold Defendants liable for their alleged failures to comply with various federal regulations governing lease agreements involving federal motor carriers. (*See* ECF No. 1). Although Plaintiff did not attach a copy of the relevant lease agreement to his complaint, Defendant Coy Bro's attached a copy to its answer. (*See* ECF No. 13-1). Defendants assert that summary judgment in favor of the Individual Defendants is warranted because there is no evidence that Plaintiff had a lease agreement with any Individual Defendant.

The Court agrees with Defendants. The relevant lease agreement identifies "Coy Brothers Inc." as the lessee and motor carrier, and Plaintiff as the lessor. (ECF No. 13-1 at 1). While the lease agreement appears to be signed by Defendant Robin Coy-Crawford, she signed in her capacity as secretary for Coy Bro's. (*Id.* at 4). Thus, it is clear to the Court that Plaintiff's lease agreement was with Defendant Coy Bro's rather than any of the Individual Defendants. By failing to file a response or submit any evidence to the contrary, Plaintiff has failed to carry his burden of establishing a factual issue as to whether the Individual Defendants were parties to the lease agreement. And because the Individual Defendants are not parties to the lease agreement, they do not have any independent obligations under the identified regulations. *See* 20 C.F.R. § 376.12 (setting out the requirements for a lease between an "authorized carrier and the owner of the

equipment"); 20 C.F.R. § 376.1 (indicating that the regulations apply to "motor carriers registered with the Secretary"). Thus, summary judgment in favor of the Individual Defendants is warranted.

## III. Conclusion

Defendants' motion for partial summary judgment [105] is GRANTED, and judgment is entered in favor of the Individual Defendants Arlen Coy; Robin Coy-Crawford; Lori Coy-Sharp; Meloney Coy-McCormick; Jeffery Sharp; and Starla Sharp-Smidt.[1]

Dated: November 3, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

[1] Plaintiff's remaining claims against Defendants Coy Bro's Inc. and Coy Truck Brokerage, LLC shall proceed to trial as currently scheduled.